UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW SANCHEZ; TIANNA S. SANCHEZ,<br><br>                       Plaintiffs,<br><br>        -against-<br><br>JUDGE MARTIN MILLER, *et al.*,<br><br>                    Defendants. | 20-CV-0620 (CM)<br><br>ORDER TO AMEND |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiffs bring this *pro se* action, alleging that Defendants violated their rights under federal law. By order dated February 14, 2020, the Court granted Plaintiffs' request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to
state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the
Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing
the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.
Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals
of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550
U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court
must determine whether those facts make it plausible – not merely possible – that the pleader is
entitled to relief. *Id.*

## BACKGROUND

Plaintiffs' 72-page, single-spaced complaint is difficult to follow and filled with
extraneous information. The following allegations are taken from the complaint: On August 10,
2019, the Sullivan County Sheriff's Office came to Plaintiffs' residence and "showed Mr.
Sanchez the documents of the biased order and a un/non Constitutional unlawful warrant in
violation" of his constitutional rights. (ECF No. 2, at 51.) Later that month, the Sheriff's Office
returned, telling Mr. Sanchez that they "have a warrant and order [of] protection to serve" and
that he needed to accept it. (*Id.* at 51.)

On September 7, 2019, "[a]fter many attempts," the Sullivan County Sheriff's Office
arrested Mr. Sanchez, apparently as he was pulling up to his home. (*Id.* at 51.) Sargent Starner,

who was waiting for Mr. Sanchez, pulled out a stun gun and demanded that Mr. Sanchez get out of the vehicle because Starner had a warrant for his arrest. Starner refused to show Mr. Sanchez the warrant, and Mr. Sanchez refused to consent to a search. Additional New York State Troopers arrived, and as events escalated, Starner used pepper-spray on both Plaintiffs. (*Id.* at 51-52.) While Mr. Sanchez was being arrested, officers from the Sullivan County Sheriff's Office "roughhouse[d]" Mrs. Sanchez. (*Id.* at 52.) The officer opened the driver's side door where Mrs. Sanchez was sitting, "squeezed both of her hands . . . then yanked [her] out of the car by the hands, twisting both wrist[s] and then shoved and pushed her on the ground." (*Id.* at 52.)

While at the police station, Starner "made a lot of racial and prejudicial" remarks about Plaintiffs and "unlawfully illegally charged us with matters that we were preserving our Rights under The Constitution of the United States of America." (*Id.* at 52.) On September 7, 2019, following his arrest, Mr. Sanchez appeared before Town of Thompson Judge T. Martini (or Martin). When asked by Judge Martini if he needed counsel, Mr. Sanchez responded that "he was Sui Juris and he is standing as himself and for himself as a living soul." (*Id.* at 50.) Mr. Sanchez was unable to post bail and spent the night in jail. The complaint asserts that Judge Martini "was NOT supporting the United States of American Constitution and was not obeying the Supremacy Clause but acting and participating in dishonor in violation of Oath." (*Id.* at 50) (emphasis in original).

On September 17, 2019, Mr. Sanchez appeared before Town of Newburgh Judge Richard Clarino, whom he accused of "practicing law from the bench." (*Id.* at 50.) Mr. Sanchez told Judge Clarino that what he was doing "was unlawful and un/non Constitutional" and challenged his jurisdiction. (*Id.*)

On October 7, 2019, both Plaintiffs appeared before Town of Thompson Judge Martin Miller. Judge Miller would not allow Mrs. Sanchez to speak "unless he asked a question" and threatened to hold her in contempt if she "did not answer the questions the way he wanted it answered." (*Id.* at 54.) When Mr. Sanchez went before Judge Miller, he accused the judge of "practicing law from the bench," challenged the judge's jurisdiction, and stated that he does "not consent to any of these proceedings." (*Id.* at 54.)

On October 15, 2019, Mr. Sanchez again appeared before Judge Clarino, who "wouldn't allow [him] to speak" and threatened to hold him in contempt, which Mr. Sanchez claims placed him "under threat duress in violation of due process." (*Id.* at 50.) On November 19, 2019, Judge Clarino held Mr. Sanchez in contempt "and arrested him for exercising his rights granted to [him] by the United States of America Constitution." (*Id.* at 50.)

Ten pages of Plaintiffs' complaint are styled as a "Declaration of Negative Averment," a select few tenets of which are quoted here:

> We deny that any and all facets of any and all jurisdictions, venues and law forms were/are lawfully and factually proven, effectuated, maintained and exercised by, under and pursuant to the Original Contracts;
>
> We deny that there is any Original Contract's authority for "case law, opinions" of any other type and form of control and/or alteration of Law by any purported COURT, TRIBUNAL, JUDGE and/or JUSTICE, et cetera;
>
> We deny that the former THE UNITED STATES OF AMERICA, former STATE OF NEW YORK and/or any local, national and international equivalents have valid charters, as a matter of fact, in Law, and Law and otherwise;
>
> We deny that we are lost at sea;
>
> We deny that we are dead;
>
> We deny that there exists explicit authority contained within the Constitution for the United States of America c1819 for the Respondents to effectuate, implement, enforce and/or utilize inherent and/or implied processes, procedures, authorities,

jurisdictions, venues and/or law forms.

We deny that the Respondents, UNITED STATES OF AMERICA, STATE OF
NEW YORK and LOCAL equivalents, and any and all derivatives, thereof
regardless of style, do effectuate and utilize and/or have effectuated and utilized
police powers and authorities by, under and through explicit authorities emanating
from the Constitution for the United States c1819.

(*See id.* at 56-62.)

Plaintiffs name as Defendants the following: the State of New York; Judge Martin Miller

of the Town of Newburgh Court; Judge Richard Clarino of the Town of Newburgh Court; Judge

Jude T. Martini of the Town of Thompson Court; Assistant District Attorney Brian P. Conaty; the

Sullivan County Sheriff's Department; Sheriff Brian Starner of the Sullivan County Sheriff's

Department; Sargent Charles Blackburn of the Sullivan County Sheriff's Department; Chief

Michael Schiff of the Sullivan County Sheriff's Department; Officer Shawn Sinstorie of the

Sullivan County Sheriff's Department; Deputy K.J. Geraine of the Sullivan County Sheriff's

Department; Officer Joe A. Feola of the Sullivan County Sheriff's Department; Anthony F. Dos

Santos of the Sullivan County Sheriff's Department; Officer William Fernandez of Sullivan

County Sheriff's Department; Officer Christopher Valastro of the Sullivan County Sheriff's

Department; the New York State Police; Sargent Scott of the NYS Police; Officer Matthew T.

Hughes of NYS Police; John and Jane Does from NYS Police; and Sargent Worden of NYS

Police.

Plaintiffs request the following relief: "[G]rant us immediate stay, write [sic] of

mandamus restricting and restraining the State of New York officials and officers, quash/vacate

summons, tickets, charges, civil action in conspiracy to convict, no retaliation of any nature,

shape, cause, kind, form, monetary damages to be determined." (*Id.* at 6.) Plaintiffs also state

they "would like an immediate stay from this court and all its proceedings" and "are seeking the

removal of case [sic] from Town of Thompson and an immediate stay; unconditional release and the immediate setting at full liberty of Mr. and Mrs. Sanchez." (*Id.* at 46-47).[1]

## DISCUSSION

### A.    Rule 8

As an initial matter, Plaintiffs' complaint does not comply with Rule 8's requirement that a complaint to make a short and plain statement showing that the pleader is entitled to relief. The 72-page, single-spaced complaint includes pages and pages of unnecessary and largely unintelligible verbiage, irrelevant legal jargon and case citations, Bible quotes, and philosophical aphorisms. Any amended complaint submitted by Plaintiffs must comply with Rule 8's "short and plain statement" requirement and must be limited to 25 pages.

### B.    Eleventh Amendment

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiffs' § 1983 claims against the State of New York and the New York State Police under the doctrine of Eleventh Amendment immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[1] There is no indication in the complaint that either of the Plaintiffs is currently detained or incarcerated.

**C.     Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiffs' allegations against Judge Martini, Judge Clarino, and Judge Miller arise from actions taken in their judicial capacities. The Court therefore dismisses Plaintiffs' § 1983 claims against these Defendants under the doctrine of judicial immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.     Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976));

*see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiffs name Sullivan County Assistant District Attorney Brian Conaty as a Defendant, but the complaint does not appear to include any factual allegations regarding ADA Conaty. To the extent Plaintiffs seek to assert claims against ADA Conaty arising from actions within the scope of his official duties as a prosecutor, the Court dismisses those claims because they seek monetary relief because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

## E.    *Younger* Abstention

To the extent Plaintiffs are asking this Court to intervene in an ongoing state criminal proceeding, the Court may not do so. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). *Younger* abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

The complaint is unclear as to the nature and status of the state-court proceedings that Plaintiffs are seeking to "immediately stay," and what "summons, tickets, charges, civil action" they are seeking to "quash/vacate." (*See* ECF No. 2, at 5.) Moreover, aside from bald assertions and legal conclusions, Plaintiffs allege no facts that suggest bad faith, harassment, or serious and immediate irreparable injury. The Court therefore declines to enjoin any pending state-court criminal proceedings brought against Plaintiffs.

**F.**     ***Rooker-Feldman* Doctrine**

To the extent that Plaintiffs are challenging the outcome of any adverse state-court proceeding, those claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The *Rooker-Feldman* doctrine therefore precludes this Court from reviewing any adverse state-court judgment.

**G.      Plaintiffs' Remaining Claims**

The Court liberally construes the complaint to be asserting claims under 42 U.S.C. § 1983 for false arrest, malicious prosecution, and excessive force. As set forth below, the Court grants Plaintiffs leave to amend their complaint **solely** as to their § 1983 claims for excessive force, false arrest, and malicious prosecution.

1.      False Arrest

A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest

when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Put another way, police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken.

An arrest pursuant to a warrant is presumed to be reasonable under the Fourth Amendment because such warrants are issued only after a showing of probable cause. *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007); *see Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner[.]"). A plaintiff may rebut the presumption of probable cause and state a false arrest claim "only if he alleges facts suggesting that the arrest warrant was facially invalid or that it was procured through fraud, perjury, or the misrepresentation or falsification of evidence." *Vasquez v. Reilly*, ECF 9:15-CV-9528, 46 (S.D.N.Y. Mar. 9, 2017), 2017 WL 946306, at *7.

Here, Plaintiff Matthew Sanchez [2] asserts that he was "illegal[ly] arrested," ECF No. 2 at 50, but fails to allege facts suggesting that the arrest was not privileged. The complaint states

---

[2] It is unclear from the complaint whether Mrs. Sanchez is also asserting a false arrest claim. If she is asserting a false arrest claim, any amended complaint must allege facts specific to her that satisfy the standard set forth above.

that, on multiple occasions, officers from the Sullivan County Sheriff's Department told Mr. Sanchez that they had a warrant for his arrest, although Mr. Sanchez alleges the officers refused to show him the warrant. (*See, e.g.*, ECF No. 2 at 51.) In any amended complaint, Mr. Sanchez must provide the names of the individual officers he alleges falsely arrested him and allege facts suggesting that the officers did not have probable cause to arrest him. And if Mr. Sanchez was arrested pursuant to a warrant, the amended complaint must allege facts suggesting that the warrant "was facially invalid or that it was procured through fraud, perjury, or the misrepresentation or falsification of evidence." *See Vasquez*, ECF 9:15-CV-9528, 46, 2017 WL 946306, at *7. Conclusory assertions that Mr. Sanchez was "illegally" or "unlawfully" arrested are not sufficient to state a claim under § 1983.

Finally, the Supreme Court has explained that a civil rights plaintiff cannot pursue claims that would necessarily be inconsistent with a conviction. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Therefore, if Mr. Sanchez was subsequently convicted of the charges for which he was arrested, in order to recover damages for an allegedly false arrest, he "must provide that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

2.      Malicious Prosecution

To state a claim for malicious prosecution, a plaintiff must allege facts suggesting (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Thus, because

favorable termination is an element of a malicious prosecution claim, a plaintiff cannot state such a claim if his criminal proceeding is pending. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007). Moreover, a plaintiff who has been convicted and seeks to recover damages under § 1983 for malicious prosecution must show that his conviction terminated in his favor by alleging that the conviction or sentence has been reversed on direct appeal, expunged by executive order, invalidated by a state tribunal authorized to make such determinations, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. *See Wilkinson*, 544 U.S. at 81-82 (2005) (holding that § 1983 actions are "barred (absent prior invalidation) … if success in that action would necessarily demonstrate the invalidity of confinement or its duration") (italics in original) (citing *Heck*, 512 U.S. at 486-87).

If either Plaintiff seeks to assert claims of malicious prosecution, the amended complaint must allege facts indicating that the prosecution was terminated in his or her favor or, if the prosecution resulted in a conviction, that the conviction was reversed or otherwise invalidated. Moreover, Plaintiffs must identify and name as a defendant the specific individual who they allege was personally involved in causing the harm.

3.      Excessive Force

A non-prisoner's right to be free from excessive force arises under the Fourteenth Amendment. *See Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018). To state such a claim, a plaintiff must allege facts showing that defendants engaged in an "exercise of power without any reasonable justification in the service of a legitimate government objective." *Id.* (citation omitted); *see also Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (stating that a pretrial detainee can prevail on an excessive force claim by showing "that the force purposely or knowingly used against him was objectively unreasonable.").

In any amended complaint, Plaintiffs must re-allege their claims that Sargent Starner used excessive force when he pepper-sprayed Plaintiffs. Plaintiffs must also re-allege their claims that officers used excessive force against Mrs. Sanchez while Mr. Sanchez was being arrested. The amended complaint must name the individual officer who Plaintiffs' allege used excessive force on Mrs. Sanchez and allege any facts suggesting that the officer's use of force was unreasonable.

## LEAVE TO AMEND

Plaintiffs are granted leave to amend their complaint **solely** on their claims of false arrest, malicious prosecution, and excessive force. Any amended complaint must name only those defendants personally and directly involved in allegedly violating Plaintiffs' rights, To comply Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must make a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiffs do not need to make legal arguments, include legal citations, or propound their philosophical views. Plaintiffs must limit their amended complaint to 25 pages.

To the greatest extent possible, Plaintiffs' amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiffs' case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiffs' rights and describe the injuries Plaintiffs suffered; and

f) state what relief Plaintiffs seek from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiffs' amended complaint must tell the Court: who violated their federally protected rights; what facts show that their federally protected rights were

violated; when such violation occurred; where such violation occurred; and why Plaintiffs are entitled to relief. Because Plaintiffs' amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiffs wish to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket. Plaintiffs are granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff musts submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-0620 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiffs fail to comply within the time allowed, and they cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   March 6, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes      ☐ No
(check one)

___ Civ. _____ (     )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's        Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1      Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

| Defendant No. 2 | Name _____ Shield #_____ |
|---|---|
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 3 | Name _____ Shield #_____ |
|---|---|
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 4 | Name _____ Shield #_____ |
|---|---|
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 5 | Name _____ Shield #_____ |
|---|---|
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____
_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____
_____
_____

D.    Facts:_____

_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____    No _____    Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____    No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
         _____

        _____

        2.      What was the result, if any?
         _____

        _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
         _____
         _____
         _____

_____
_____
_____

    2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

On
these
claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____ No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On
other
claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____ No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____  No _____

        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there
        judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                        Signature of Plaintiff      _____

                        Inmate Number              _____

                        Institution Address        _____

                                                   _____

                                                   _____

                                                   _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
        their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering

this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for

the Southern District of New York.


                        Signature of Plaintiff:  _____